IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**ROSETTE, INC.,** *et al.,*

    **Plaintiffs,**

**v.**                                                                                 No. CIV  93-1379 BB

**UNITED STATES OF AMERICA;** *et al.,*

    **Defendants.**

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
SUPPORTING CIVIL CONTEMPT SANCTIONS**

**THIS MATTER** came before the Court on an Order to Show Cause why Plaintiffs should not be held in contempt for failure to obey this Court's Order of April 28, 2003. The Court took evidence and heard oral argument on June 30, 2003, and now finds as follows:

*Findings of Fact*

1.     On April 28, 2003, this Court entered an Order requiring that the Plaintiffs pay the sum of $671,430 to the United States of America within 30 days for past due royalties and interest thereon found by the Court to be accumulated during the period from 1987 through 1999.

2. **It is undisputed that Plaintiffs have not tendered all, or any part of, the required payment. At the hearing of June 30, Plaintiffs' corporate treasurer allowed that Plaintiffs may be able to pay $2,000 annually toward this amount during the next two years.**

3. **The April 28th Order further required that the parties submit to the Court within 30 days of the entry of that Order a proposed payment schedule for Plaintiffs to pay past due royalties and interest for the period from January 2000 through March 2003.**

4. **Plaintiffs made no offer prior to the hearing of June 30.**

5. **The April 28th Order further required that Plaintiffs repair within 30 days, and thereafter maintain, all meters on the geothermal wells on the federal lease and to commence to accurately account for production from said wells.**

6. **Dale Burgett, President of Rosette, testified he called the manufacturer of the meters, Johnson Yokagama, and was told the meters are obsolete and it would cost about $30,000 to repair them. He therefore took no action and now proposes to merely shut down all the federal geothermal wells on his property.**

7. **Plaintiff Burgett Geothermal Greenhouses reported gross income[1] in the following amounts:**

   a. 1991 $1,057,972
   b. 1992 $1,433,866
   c. 1993 $1,632,393
   d. 1994 $1,491,297
   e. 1995 $1,868,635
   f. 1996 $1,821,259
   g. 1997 $3,904,858
   h. 1998 $3,656,528
   i. 1999 $3,210,900
   j. 2000 $3,052,463
   k. 2001 $2,737,878

8. **Plaintiff Rosette's gross income[2] on its tax returns was:**

   a. 1991 $206,537
   b. 1992 $254,608
   c. 1993 ? (not provided)
   d. 1994 $359,205
   e. 1995 $399,894
   f. 1996 $454,531
   g. 1997 $391,899
   h. 1998 $421,735
   i. 1999 $436,888
   j. 2000 $0

9. **During this period since 1991, Plaintiffs paid the federal government $0 in royalties for the geothermal resources. This in spite of the Court's decision**

---

[1] Trade publications report much larger income for this operation.

[2] Trade publications report much larger income for this operation.

that the federal geothermal steam produced a fair portion of the gross revenues indicated above and that Plaintiffs owe royalties well in excess of $600,000.

10. At the time of the hearing, Burgett Geothermal had $59,000 available. It also had cash reserves of approximately $150,000.

11. Plaintiffs maintain a $50,000 line of credit at the Western Bank which maintains a $200,000 mortgage and lien on some of Plaintiffs' equipment.

12. Another closely held Burgett family business, Roses, Inc., owes Rosette, Inc., approximately $75,000.

13. Plaintiffs assets are worth between $4,000,000 and $20,000,000, depending on how and when they are liquidated.

## *Conclusions of Law*

1. The Court has jurisdiction over the parties and the dispute.

2. Plaintiffs have failed to comply with this Court's Order of April 28, 2003, in the following particulars:

   a. Plaintiffs have failed to remit all, or any portion, of the $671,430 in past due royalties to the United States and have made no serious attempt to do so.

    b.    **Plaintiffs only offer to create a schedule to pay the past due royalties was their Court testimony they could probably afford $2,000 annually. At that rate, and without interest or future royalties after 1999, it would take more than 335,715 years to satisfy the judgment.**

    c.    **Plaintiffs failed to repair the geothermal meters as required and made no effort to petition the Court for redress on the issue.**

3.    **Plaintiff Burgett Greenhouses (Greenhouses) and the principal behind Greenhouses, Burgett Investment, and Rosette, Inc., Edward Dale Burgett, have willfully and repeatedly violated federal law and failed to comply with federal court orders in the past.** *See Donovan v. Burgett Greenhouses*, **1983 WL 2139 (D.N.M. 1983);** *Donovan v. Burgett Greenhouses*, **159 F.2d 1483 (10th Cir. 1985);** *Brock v. Burgett Greenhouses*, **1988 WL 143834 (10th Cir. 1988).**

4.    **The Government must demonstrate Plaintiffs are in contempt of court by clear and convincing evidence.** *United States v. Professional Air Traffic Controllers Org.*, **703 F.2d 443 (10th Cir. 1983).**

5.    **The evidence is clear and convincing that Plaintiffs have failed to pay any royalties on the federal geothermal resources for at least 15 years, have set**

**aside no reserve to cover this expense, and have no intention of paying on previous judgments and especially the Order of April 28, 2003.**

6. **Plaintiffs have refused to comply with this Court's Order of April 28, 2003, and have made no good faith effort to do so.**

7. **Plaintiffs are in civil contempt and coercive sanctions are appropriate to compel compliance with the Court's Order of April 28, 2003.**

*/s/ Bruce D. Black*
**BRUCE D. BLACK**
**United States District Judge**